***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award. The Full Commission therefore affirms the Opinion and Award of the Deputy Commissioner with minor modifications.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. An employee-employer relationship existed between plaintiff and Goodyear at the time of the alleged incidents.
2. At the times of plaintiff's alleged injuries, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, Goodyear employing the requisite number of employees to be bound under the provisions of the Act.
3. The parties stipulated to the following facts:
 a. Plaintiff sustained a compensable lower back strain when he slipped on ice in Goodyear's parking lot on January 11, 1997.
 b. Dr. Keith, the authorized treating physician assigned a 5% permanent partial disability rating to plaintiff's spine as a result of the January 11, 1997 injury.
 c. Defendants paid plaintiff the amount of medical and indemnity, if any, necessary to recovery for this injury and for this 5% permanent partial disability rating to plaintiffs spine, the receipt of which plaintiff hereby acknowledges in full and complete satisfaction of this rating, under the appropriate North Carolina Industrial Commission Form agreement, which was approved by the Commission.
 d. On March 30, 2000, plaintiff sustained another compensable injury to his lower back while pulling a spool off a Buncher machine when the spool stuck.
 e. When conservative treatment did not alleviate plaintiffs symptoms and after objective radiographic testing confirmed lumbar spine pathology that was probably amenable to surgical correction, Dr. Amundson, the authorized treating neurosurgeon, performed the following surgery on the employee's lumbar spine on September 20, 2000, a right-sided lumbar laminotomy, removal of extruded disc fragments, and microdiscectomy.
 f. Defendants accepted this injury on an Industrial Commission Form 60 dated March 28, 2001.
 g. Pursuant to said Form 60, defendants paid temporary total disability compensation, temporary partial disability compensation, and medical expenses in the amount necessary to recovery, receipt of which plaintiff hereby acknowledges in full and complete satisfaction of this time out of work.
 h. On March 8, 2001, Dr. Amundson, the authorized treating neurosurgeon, assigned an overall 15% rating to plaintiff's spine as a result of the March 30, 2000 compensable injury and the September 20, 2000 surgery.
 i. On June 21, 2001, Dr. Amundson, the authorized treating neurosurgeon, clarified that the overall 15% rating to plaintiffs spine was in addition to the previous 5% rating assigned by Dr. Keith, resulting in a net 14.25% rating to plaintiff's lumbar spine (100% — 5% 95% × 15% = 14.25%).
 j. At his deposition on June 28, 2004, Dr. Amundson testified that he referred to the North Carolina Industrial Commission Rating Guidelines and assigned and calculated this rating according to said guidelines.
 k. Defendants paid plaintiff for this 14.25% rating to the lumbar spine for 42.75 weeks at a compensation rate of $504.57 for a total of $21,570.37, receipt of which plaintiff hereby acknowledges in full and complete satisfaction of this rating, on an Industrial Commission Form 21 Agreement for Compensation that was approved by the Commission on November 2, 2001.
 l. In the meantime, plaintiff returned to work for Goodyear at his pre-injury average weekly wage, and it was determined that he re-herniated his L4-5 disc under compensable circumstances. Surgery was authorized, and on November 21, 2001, Dr. Amundson, the authorized treating neurosurgeon, performed the following procedures, an L4-5 medial fasciectomy, external neurolysis, removal of extruded disc fragments, and an L4-5 microdiscectomy.
 m. No additional permanent partial disability rating to plaintiff's lumbar spine was issued as a result of this surgery.
 n. Defendants then restarted indemnity benefits via an Industrial Commission Form 62 dated November 30, 2001. Pursuant to the Form 62, defendants paid plaintiff medical and indemnity benefits in the amount necessary to recovery in full and complete satisfaction for this time out of work, the receipt of which plaintiff hereby acknowledges.
 o. In the meantime, plaintiff returned to work with Goodyear at his pre-injury wage. Because of ongoing pain complaints, Drs. McDonald and Amundson, the authorized treating orthopedist and neurosurgeon, recommended yet another lumbar surgery which was authorized by defendants.
 p. On July 15, 2002, Drs. Amundson and McDonald performed the following procedures on plaintiff's lumbar spine; a decompressive laminotomy at L-3, a decompressive laminotomy at L-4, and a decompressive laminotomy at L-5. An interbody fusion at L4-5 had also been planned, but this was aborted when it was determined intra-operatively that the scar tissue binding the nerve would not allow adequate mobilization of the nerve to safely access the interbody space.
 q. On October 21, 2002, plaintiff returned to work for Goodyear at his pre-injury wage.
 r. On December 2, 2002, Dr. Amundson, the authorized treating neurosurgeon, assigned a 30% permanent partial disability rating to plaintiffs spine and clarified that the overall 30% rating to plaintiffs spine was in addition to the previous 5% and 14.25% ratings, resulting in a net additional 24.23% rating to plaintiffs lumbar spine (100% — 5% = 95% × 15% 14.25%; 95% — 14.25% = 80.75% × 30% = 24.23%). At his deposition on June 28, 2004, Dr. Amundson testified that he referred to the North Carolina Industrial Commission Rating Guidelines and assigned and calculated this rating according to said guidelines. Defendants offered to pay plaintiff for this 24.23% rating to the lumbar spine for 72.69 weeks at a compensation rate of $504.57 for a total of $36,677.19 on an Industrial Commission Form 21 agreement in 2003.
 s. Initially plaintiff agreed to accept this payment then withdrew his consent before the Form 21 was approved by the Commission to seek further clarification on the 30% rating. A deposition of Dr. Amundson was conducted by the parties, by mutual consent, on June 28, 2004, the transcript of which is incorporated herein by reference, to clarify the issue of the rating.
 t. Subsequent to the deposition, the parties agreed that defendants would pay and plaintiff would accept payment for the additional 24.23% permanent partial disability rating to his spine on a Form 21 agreement as noted above. A Form 21 Agreement with proper documentation has been approved by the Full Commission to pay this rating.
4. The parties agree that the issue to be answered by the Full Commission is whether plaintiff is also entitled to an additional 5.77% rating to his lumbar spine — the difference between the "gross" 30% PPD rating and the "net" 24.23% rating noted above — based on the current evidence of record which includes Dr. Amundson's deposition of June 28, 2004 and the stipulated documentary evidence attached or to be attached thereto and the pending Form 21 agreement by way of briefs submitted to a Deputy Commissioner.
5. The parties further agreed that, as with any North Carolina Industrial Commission "open" Form Agreement, the parties retain any and all respective rights each has or may have, specifically under N.C. Gen. Stat. § 97-47, regarding "Change of condition, modification of award" and under N.C. Gen. Stat. § 97-25.1 regarding "Limitation of duration of medical compensation," and any and all rights each has or may have, generally under the North Carolina Workers' Compensation Act.
6. As a result of the agreements, the parties cancelled a scheduled voluntary mediation and have asked that the remaining issue, as noted above, be docketed for hearing.
7. Neither plaintiff nor defendants presented live witnesses.
8. The parties have agreed that the deposition of Dr. Russell Amundson of June 28, 2004 with its attached exhibits, the Form 21 Agreement approved by the Full Commission along with its three page addendum, a Form 25A, and a packet of medical records, and a Pre-Trial Agreement dated February 9, 2005 are stipulated into record of evidence.
 ***********
Based upon the foregoing Stipulations and evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. The current North Carolina Industrial Commission Ratings Guideline, as it pertains to combining ratings of the lumbar spine was clarified on February 15, 2000 by adding the phrase "and has separate impairments." This section now reads in its entirety: "If a claimant has two injuries to the back and has separate impairments, these ratings should be calculated separately and then combined. Do not add the percentages of impairment." The example calculation following this section is as follows: FIRST EXAMPLE: 40% (A) 20%(B). In this example the first percentage of impairment, 40% (A) is subtracted from 100%. 100% — 40%= 60% (C). The second percentage of impairment 20% (B) is calculated from the remaining percentage (C), which in this case is 60%. 20% of 60% = 12% (D)."
2. The relevant portion of what the Act defines as an injury in N.C. Gen. Stat. § 97-2(6) is as follows: ("Injury and personal injury" shall mean only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form, except where it results naturally and unavoidably from the accident. With respect to back injuries, however, where injury to the back arises out of and in the course of the employment and is the direct result of a specific traumatic incident of the work assigned, "injury by accident" shall be construed to include any disabling physical injury to the back arising out of and causally related to such incident."
3. Plaintiff's first injury by accident occurred on January 11, 1997 when he slipped on ice in Goodyear's parking lot. As a result of this incident, plaintiff sustained a lower back strain and was assigned a 5% permanent partial disability rating to his spine.
4. Plaintiff's second injury by accident occurred on March 30, 2000 while pulling a spool off a buncher machine, when the spool stuck. As a result of this incident, plaintiff sustained a second injury to his lower back for which he underwent surgery for a herniated disc at the L4-5 level on September 20, 2000. Following this surgery, plaintiff was assigned a 15% permanent partial disability rating for his lumbar spine by Dr. Amundson.
5. Thereafter, in early November 2001, plaintiff re-herniated his L4-5 disc. Treatment was authorized by defendants and on November 21, 2001, Dr. Amundson performed a second surgery at the L4-5 level. No additional permanent partial disability rating to plaintiff's lumbar spine was issued as a result of the November 21, 2001 surgery.
6. Following the November 21, 2001 surgery, plaintiff eventually returned to work for Goodyear. However, because of ongoing pain complaints, Drs. McDonald and Amundson, the authorized treating orthopedist and neurosurgeon, recommended a third lumbar surgery. This procedure took place on July 15, 2002, and involved a decompressive laminotomy at the L-3 level, a decompressive laminotomy at the L-4 level, and a decompressive laminotomy at the L-5 level.
7. Subsequent to the third surgical procedure on July 15, 2002, Dr. Amundson assigned plaintiff a 30% permanent partial disability rating for his lumbar spine.
8. Plaintiff notes that in his deposition, Dr. Amundson's did not refer to the Ratings Guidelines' prerequisites of "two injuries" and "separate impairments" when giving his ratings. Therefore, plaintiff's contends that under the facts of this case, the meaning and application of the "two injuries" requirement of the Ratings Guidelines is unclear. Plaintiff further contends that "two injuries" could refer to the N.C. Gen. Stat. § 97-2(6) meaning of the word "injury", thereby making the combination of ratings applicable only when an employee has had two separate "injuries by accident" or that "two injuries" could mean two injuries arising out of one "injury by accident."
Plaintiff uses this lack of clarity argument as justification for using the method of calculation that he proposes, or at least as justification for varying from the Ratings Guidelines' as is allowed.
9. Plaintiff also argues alternatively that although he sustained two separate injuries by accident, that it is unclear whether these injuries resulted in "separate impairments."
10. Based upon plaintiff's arguments, the Full Commission finds that the relevant language of the Commission's Ratings Guideline is confusing and made more difficult to utilize given the lack of definitions of such terms as "two injuries" and "separate impairments." Nonetheless, the clearly laid out example following this section of the Guidelines is without ambiguity. Additionally, the case cited by plaintiff involved injuries and ratings to the cervical and lumbar spines, whereas this case involves only injuries and surgeries to and ratings assigned to plaintiffs lumbar spine.
11. Based upon the totality of the credible evidence of record, the Full Commission finds that Dr. Amundson properly calculated plaintiff's permanent partial disability rating to be 24.23% on December 2, 2002, and that plaintiff has received all owed benefits for his rating.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The Full Commission concludes that Dr. Amundson correctly calculated plaintiff's permanent partial disability rating to be 24.23%. See North CarolinaIndustrial Commission Rating Guidelines.
2. Plaintiff has received all benefits owed to him by defendants as the result of his 24.23% permanent partial disability rating and is not entitled to an additional5.77?/o or benefits corresponding thereto. N.C. Gen. Stat. § 97-31(23).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Under the law, plaintiff's request for additional permanent partial disability compensation must be and is hereby DENIED.
2. Defendants shall pay the costs.
This 12th day of October 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ PAMELA T. YOUNG VICE CHAIRMAN